■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD INMAN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 2, 1979, convicting him of sodomy in the first degree, robbery in the first, second and third degrees, attempted sodomy in the first degree, and sexual abuse in the first degree, after a nonjury trial, and imposing sentence. Judgment modified, as a matter of discretion in the interest of justice, by deleting therefrom the provision that the sentence imposed upon the robbery in the third degree conviction is to run consecutively to the other sentences, and by substituting therefor a provision that the said sentence is to run concurrently with the other sentences. As so modified, judgment affirmed. The People, through Officer Tortora's testimony, demonstrated sufficient information to warrant a man of reasonable caution to believe that defendant had committed a crime (see *People v Loewel,* 41 NY2d 609, 611). It is not necessary that the citizen who provided the officer with information connecting the defendant with the crime testify at the hearing. A citizen's reliability, as differentiated from that of a paid or anonymous informant, is assumed, since he could be prosecuted if his report were a fabrication (see *People v Crespo,* 70 AD2d 661; *People v Hyter,* 61 AD2d 990). Moreover, while hearsay evidence is admissible at a pretrial suppression hearing (CPL 710.60, subd 4), a police officer's testimony as to information furnished by a citizen is not hearsay since it is not offered as evidence of the truth of the charge, but only of the fact that the information was given to the police (see *People v Sanders,* 79 AD2d 688). The officer was entitled to rely on the citizen's information, especially, in light of the corroboration provided by defendant's identification card, which the citizen found at the scene of the crime. The sentence imposed upon the robbery in the third degree conviction was excessive to the extent indicated. Lazer, J.P., Mangano, Cohalan and Margett, JJ., concur.