■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VEAL, Appellant. — Appeal by defendant from a judg-

ment of the Supreme Court, Queens County (Rotker, J.), rendered May 9, 1983, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The complainant identified defendant within two hours after a robbery committed in the early afternoon, after giving the police a detailed description of an armed assailant. The description led to defendant's arrest approximately 45 minutes after the incident. At the showup, defendant stood in the police station dressed in a long tan raincoat, a critical part of complainant's description, in between two police officers. He wore no handcuffs but was the only person without a uniform.

This identification procedure was not so "unnecessarily suggestive and conducive to irreparable mistaken identification, that the defendant was denied due process of law" (*People v Brnja,* 70 AD2d 17, 23, affd 50 NY2d 366). Prompt or instantaneous showup identifications, as here, are productive of the most reliable identifications of culprits and are indicative of good police work (*People v Logan,* 25 NY2d 184, 194, cert den 396 US 1020).

Defendant further contends that he should be relieved of his guilty plea because of the court's failure to expressly advise him of his right to cross-examine witnesses if he were to go to trial. However, by failing to make application to the court of first instance to withdraw his plea or vacate the judgment of conviction, the defendant has not preserved for appellate review the issue of the plea allocution's sufficiency (see *People v Pellegrino,* 60 NY2d 636; *People v Mattocks,* 100 AD2d 944; *People v Vicks,* 91 AD2d 1052). Moreover, the record discloses that the allocution was sufficient (*People v Harris,* 61 NY2d 9; *People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067). We have examined defendant's remaining contention and find it to be without merit. Titone, J. P., Gibbons, Bracken and Weinstein, JJ., concur.