■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN MACK, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered January 6, 1983, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Linakis, J.), of defendant's motion to suppress certain identifications and physical evidence.

Judgment affirmed.

Defendant's motion to suppress identifications and physical evidence was properly denied. Based on information received from a witness that he had seen defendant running from the scene of the crime shortly after he and his friends observed defendant pass them on the street, and based on his observation of defendant placing a small purse on the seat of the subway car in which defendant was arrested, the police had probable cause to arrest defendant. The witness' identification was made spontaneously at the scene of the arrest and was not the product of a police-arranged identification procedure. Therefore, the identification was properly not suppressed. Furthermore, based on this evidence and the evidence that the complainant's property was found on defendant upon his arrest, defendant's guilt was proven beyond a reasonable doubt (see, Jackson v Virginia, 443 US 307, 319; People v Contes, 60 NY2d 620).

Defendant's claim that black jurors were systematically excluded from the jury is belied by the fact that at least two blacks actually served on the jury. The trial court did not err in excluding the testimony of a defense character witness regarding defendant's reputation for honesty after defendant was arrested (see, Richardson, Evidence § 151 [Prince 10th ed]; 5 Wigmore, Evidence § 1618 [a], at 595 [Chadbourn rev 1974]). While the trial court's charge on recent exclusive possession of stolen property was defective because it repeatedly referred to a "presumption" of guilt flowing therefrom, since the jury was informed that they did not have to infer theft from possession and that the inference was rebuttable, the use of the term "presumption" did not mislead the jury so as to deprive defendant of a fair trial (see, People v Mitchell, 108 AD2d 759; Insero v Henderson, 554 F Supp 824, affd 742 F2d 1439).

As far as the exclusion of the statement of witness Clifford Avery is concerned, in the absence of the statement or evidence of what it contained, we see no basis for reversal.

We have considered defendant's remaining contentions and find them to be without merit. Lazer, J. P., Rubin, Kunzeman and Kooper, JJ., concur.