■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered October 11, 1983, convicting him of robbery in the first degree (two counts) and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion as sought the suppression of identification testimony.

Judgment affirmed.

Neither of the individuals who the defendant claims could have been improperly influenced by the photographic identification procedure subsequently made a lineup identification of the defendant. Consequently, the defendant's claim that the photographic identification procedure tainted the subsequent lineup identifications is without merit. Similarly, the defendant's argument that the lineup was rendered unnecessarily suggestive by his swollen left eye contrasting with the normal eyes of the other individuals in the lineup is erroneous. The lineup procedure employed was proper in that it was not so " 'unnecessarily suggestive and conducive to irreparable mistaken identification that [defendant] was denied due process of law' " *(People v Logan,* 25 NY2d 184, 187, *cert denied* 396 US 1020, quoting from *Stovall v Denno,* 388 US 293, 301-302; *People v Veal,* 106 AD2d 418, 419).

By failing to specifically raise either at the hearings or at trial the issue of whether the lineup identifications should be suppressed on the ground that they were the tainted fruit of an arrest of the defendant effected in his home without a warrant and in the absence of exigent circumstances *(see, Payton v New York,* 445 US 573), the defendant has failed to

preserve this issue for appellate review *(see, People v Gonzalez,* 55 NY2d 887; *People v Jennings,* 94 AD2d 802). In any event, the arrest of the defendant by Officer Billups was proper and any taint which may have resulted from the prior independent arrest by Detective Donovan was clearly purged *(see, People v Pleasant,* 54 NY2d 972, 974, *cert denied* 455 US 924). Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.