■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PHILLIPS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered June 27, 1984, convicting him of robbery in the second degree (two counts), and assault in the third degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On appeal, the defendant contends, *inter alia,* that the police lacked probable cause to arrest him. We disagree. The record discloses that immediately after the crime was committed, the eyewitness who had initially summoned the police accompanied the officers, in their squad car, and cruised the neighborhood in search of the perpetrators. As they passed a nearby food establishment, the witness stated "there they are". This witness, who was an auxiliary police officer, requested that the officers back up their vehicle and when they did, he confirmed that the individuals in the restaurant were the same men that he had observed earlier at the scene of the crime.

Generally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest *(see, People v Sanders,* 79 AD2d 688; *People v Hyter,* 61 AD2d 990). "A citizen's reliability, as differentiated from that of a paid or anonymous informant, is assumed, since he could be prosecuted if his report were a fabrication" *(People v Inman,* 80 AD2d 622). Moreover, from the relatively detailed description provided by the eyewitness, it is clear that he had a sufficient opportunity to view the defendant and his accomplice, who were arrested shortly after and within proximity to the site of the robbery and assault.

We have reviewed the defendant's remaining contention and find it to be without merit. Lawrence, J. P., Eiber, Kunzeman and Kooper, JJ., concur.