■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORAN EVANS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered March 1, 1984, as amended January 25, 1985, convicting him of robbery in the first degree, robbery in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence and identification testimony.

Judgment, as amended, affirmed.

The testimony at the pretrial suppression hearing was that the complainant, while being taken by the police to a hospital following an attack in which he had been beaten, robbed, and cut with a knife, identified the defendant as his assailant, without prompting, on a street not far from where the crime had occurred. Probable cause to arrest the defendant therefore existed *(see, People v Joyner,* 109 AD2d 753), and testimony as to this identification was properly permitted at trial *(see, People v Dukes,* 97 AD2d 445).

The trial testimony established that the police, upon arresting the defendant, recovered from his person some of the items that had been stolen from the complainant, together with a bloody knife. We consider the defendant's guilt to have overwhelmingly been established by the evidence in this case.

The defendant has failed to preserve for review his claims with respect to certain testimony elicited from the arresting officers at trial, the court's curtailment of cross-examination of the complainant, and certain allegedly improper remarks made by the prosecutrix on summation *(see, People v Nuccie,* 57 NY2d 818; *People v Love,* 57 NY2d 1023). In view of the overwhelming evidence of guilt, review in the interest of justice is not warranted *(see, People v Dukes, supra).*

The court ruled correctly in refusing to permit the defendant to challenge at his sentencing or resentencing the constitutionality of earlier convictions relied upon in adjudicating the defendant a second felony offender. The defendant's failure to raise this challenge at his earlier sentencing on unrelated charges constituted a waiver of his right to raise such a

challenge, which is binding in any future proceedings in which the issue may arise *(see,* CPL 400.15 [7] [b]; [8]).

We have examined the defendant's remaining contentions, including those raised in his *pro se* brief, and find them to be without merit. Brown, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.