■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATIVIDAD SANTIAGO ORTIZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered June 29, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Under the totality of the circumstances surrounding the taking of the defendant's confession, the hearing court properly determined that the confession had been voluntarily

made after the defendant had been properly administered his *Miranda* rights *(see, People v Casassa,* 49 NY2d 668, *cert denied* 449 US 842; *People v Anderson,* 42 NY2d 35; *People v Boone,* 22 NY2d 476; *People v Huntley,* 15 NY2d 72). We find no merit to the defendant's contention that his confession was involuntary. There was no evidence that the defendant was threatened or promised immunity *(see, People v McQueen,* 18 NY2d 337; *People v Everett,* 10 NY2d 500, *cert denied* 370 US 963).

Moreover, the hearing court properly determined that the arrest of the defendant had been based on probable cause since the arresting detective had properly relied upon information he had received from his interviews of a witness and a fellow officer *(see, People v Inman,* 80 AD2d 622; *People v Crespo,* 70 AD2d 661).

Finally, the defendant's contention that his sentence is harsh and excessive is without merit. Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.