■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK McCAIN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zelman, J.), rendered May 23, 1986, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Upon our review of the record, we find that the police had probable cause to arrest the defendant on the basis of the identification by an eyewitness of the defendant as one of the perpetrators of a robbery. The courts have generally held that "information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" *(People v Phillips,* 120 AD2d 621; *see, People v Hairston,* 117 AD2d 618, 620). A citizen's reliability is assumed because of the potential penalty which may be imposed if the information provided to the police is fabricated *(see, People v Phillips, supra; People v Inman,* 80 AD2d 622). At bar, the eyewitness and the complainant accompanied the police in a patrol vehicle to search the surrounding area for the perpetrators of the reported robbery. Within a short time after the robbery and about 2 to 3 blocks from the site where the robbery occurred, the eyewitness pointed to two men walking down the street and stated "there they are" or "that looks like them". The complainant positively identified the defendant and his companion as the perpetrators of the robbery. Under these circumstances, the police had probable cause to believe that the defendant had perpetrated the robbery and, therefore, the hearing court properly denied suppression of the gun which was discovered incident to his lawful arrest. Mangano, J. P., Thompson, Kunzeman and Harwood, JJ., concur.