■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL GHEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered July 5, 1984, convicting him of sodomy in the first degree (seven counts), rape in the first degree (two counts), robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of certain identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's contention that the victim's identification was the result of unduly suggestive police procedures is without merit. The defendant was identified by the victim after she herself led the police back to the apartment where he resided in which many of the repeated acts of rape and sodomy, at knifepoint, had occurred *(see, People v Mack,* 116 AD2d 593, *lv denied* 67 NY2d 886). Such prompt identifications have been described as the most reliable sources of identification evidence and are indicative of good police work *(see, People v Veal,* 106 AD2d 418, 419).

Finally, the record supports the hearing court's determination that the police entry into the apartment where the defendant was arrested was pursuant to the consent of the defendant's mother, who owned the building in question *(see, People v Grosfeld,* 58 NY2d 887; *cf., People v DePace,* 127 AD2d 847, *lv denied* 69 NY2d 879; *People v Richards,* 119 AD2d 597, 598, *lv denied* 67 NY2d 1056). Eiber, J. P., Kooper, Sullivan and Balletta, JJ., concur.