◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BANKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (G. Aronin, J.), rendered May 19, 1986, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree and possession of a knife in violation of Administrative Code of the City of New York former § 436-5.2 (b) (now § 10-133 [b]), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

It is well settled that information provided by an identified citizen accusing another of a crime is legally sufficient to provide the police with probable cause to arrest *(see, People v Bero,* 139 AD2d 581, 584; *People v Sanders,* 79 AD2d 688). In this case, the complainant accompanied the arresting officers in a patrol vehicle to search the surrounding area for his attacker within a short time after the robbery. Several blocks from the site where the robbery occurred, the complainant pointed to a man walking down the street and identified the defendant as the perpetrator. Thus, the arresting officers had probable cause to believe that the defendant had committed the robbery and the officers could properly arrest him *(see, People v McCain,* 134 AD2d 623, *lv denied* 70 NY2d 957; *People v Evans,* 123 AD2d 328, *lv denied* 69 NY2d 827; *People v Phillips,* 120 AD2d 621).

Moreover, upon the exercise of our factual review power, we

are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). The defendant's flight upon being directed by the police to stop *(cf., People v Howard,* 50 NY2d 583, 586, *cert denied* 449 US 1023) together with the complainant's confirmatory identification of the defendant following the arrest and his identification of a gun recovered within the area of the arrest site as the one used in the robbery, demonstrate that the jury's verdict was supported by the weight of the evidence.

Furthermore, the trial court did not improvidently exercise its discretion in excluding certain portions of a purported prior inconsistent statement made by the complainant since defense counsel failed to lay a proper foundation for their admission by confronting the witness with the alleged discrepancies *(see, People v Duncan,* 46 NY2d 74, 80, *cert denied* 442 US 910; *People v Jones,* 136 AD2d 740, *lv denied* 71 NY2d 969; Richardson, Evidence § 501 *et seq.* [Prince 10th ed]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Lawrence and Rubin, JJ., concur.