■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GRAHAM BRATHWAITE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alfano, J.), rendered December 19, 1984, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Uviller, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Within approximately 90 minutes after committing a robbery of a fast-food restaurant in Brooklyn, the defendant was seen in another nearby fast-food restaurant by a witness who had observed him fleeing from the first restaurant. This witness informed police of his observations and a victim of the robbery was transported to the second restaurant. Looking inside from a police car, the victim identified the defendant as one of the robbers, following which the defendant was placed under arrest.

Contrary to the defendant's contentions, this did not constitute an unduly suggestive showup identification *(see, People v Ghee,* 139 AD2d 663). Indeed, the defendant was identified without prompting *(see, People v Evans,* 123 AD2d 328) by a victim who observed him while he was still at large *(see, People v Mack,* 116 AD2d 593). Moreover, the defendant was seen in the restaurant surrounded by several other individuals, so that the identification procedure was more in the nature of an impromptu on-the-scene lineup than a potentially objectionable one-on-one police arranged showup *(see, People v Dolphin,* 77 AD2d 571).

Similarly, the identification testimony was not subject to suppression as a result of unduly suggestive lineups. Examining the *Wade* hearing testimony, which is the only testimony to be considered in reviewing the propriety of the suppression court's ruling *(see, People v Lott,* 143 AD2d 686; *People v*

*Anderson,* 127 AD2d 774), we find that the lineup procedures employed were not improper. Although the defendant was exhibited wearing the clothing described by eyewitnesses, at least two other lineup participants were similarly attired so that he did not stand out from the rest *(see, People v Diaz,* 138 AD2d 728; *compare, People v Lloyd,* 108 AD2d 873, *affd* 66 NY2d 964). Moreover, that one witness recalled that the defendant's lips appeared swollen did not render the lineups unduly suggestive *(see, People v Phillips,* 145 AD2d 656; *People v Williams,* 118 AD2d 610). Rather, we are persuaded that the eyewitnesses who identified the defendant in lineups did so under circumstances which did not give rise to a significant likelihood of misidentification.

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Rubin, Rosenblatt and Miller, JJ., concur.