■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ROSADO, Appellant. [635 NYS2d 286] —Appeal by the defen-

dant from four judgments of the Supreme Court, Kings County (Firetog, J.), all rendered December 22, 1993, convicting him of robbery in the first degree (three counts; one as to each of Indictment Nos. 457/93, 703/93, and 6152/93) and criminal sale of a controlled substance in the third degree under Indictment No. 5048/93, upon his pleas of guilty, and imposing sentences. The appeal under Indictment No. 457/93 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are affirmed.

Indictment No. 457/93 arose out of an incident which occurred on January 8, 1993, at which time the defendant displayed a gun and stole money from a cash register. Two butchers from the rear of the store responded to the cashier's screams and chased the defendant out of the store. The defendant fell to the ground and the two men jumped on top of him and continued to punch him until the police arrived and broke up the fight.

The defendant was arrested, taken to the stationhouse, and then to a hospital. Upon his return to the stationhouse, the defendant was presented in a lineup where three victims from robberies which had occurred prior to the robbery of January 8, 1993, identified him as the perpetrator of those prior robberies. Thereafter, the defendant signed separate confessions admitting to the January 8th robbery, as well as to three other crimes.

We find unpersuasive the defendant's contention that the hearing court erred in refusing to direct the People to produce a police officer, his personnel file, and the two complainants who chased the defendant from the store, as additional witnesses at his pretrial suppression hearing. The defendant's request for the production of a police officer and his personnel file was not supported by a "bona fide factual predicate which demonstrated that such officers possessed material evidence on the question" of whether the challenged evidence was lawfully obtained (*People v Witherspoon*, 66 NY2d 973, 974). While the People have the initial burden of demonstrating that no improper police conduct occurred in obtaining the evidence sought to be suppressed, they are not required to produce each and every police officer with knowledge of the criminal incident and surrounding circumstances (*see, People v Witherspoon, supra; People v Hucks*, 175 AD2d 213).

Moreover, the defendant has failed to produce any evidence indicating that his confessions resulted from illegal police

conduct or procedures so as to warrant the production of the two complaining witnesses from the January 8th incident. Accordingly, we find that the hearing court did not improvidently exercise its discretion in denying the defendant's request to call additional witnesses or to subpoena police personnel files at the suppression hearing (*see, People v Chipp*, 75 NY2d 327, *cert denied* 498 US 833; *People v Gissendanner*, 48 NY2d 543; *People v Bailey*, 179 AD2d 662; *People v Hucks*, 175 AD2d 213, *supra*).

We further find, upon our review of the lineup photographs, that contrary to the defendant's contentions, the lineup was not unduly suggestive. The individual fillers and the defendant were sufficiently similar in age, weight, build, hairstyle, and skin tone (*see, People v Phillips*, 145 AD2d 656). In addition, the record reveals that pursuant to the hearing testimony of the witnesses who viewed the lineup, the viewers did not rely on the fact that defendant appeared to have been beaten to identify him, nor did the fact that the defendant was the only person with facial injuries in the lineup serve to draw their attention to the defendant (*see, People v Brathwaite*, 163 AD2d 402; *People v Williams*, 118 AD2d 610).

Finally, the defendant's sentences are not excessive and were part of the negotiated pleas (*see, People v Mercer*, 204 AD2d 741; *People v Suitte*, 90 AD2d 80). Joy, J. P., Hart and Florio, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgments appealed from, on the law and the facts, to vacate the defendant's pleas of guilty, to grant that branch of the defendant's omnibus motion which was to suppress the lineup identifications of him, and to remit the matter to the Supreme Court, Kings County, for further proceedings consistent herewith, including an independent source hearing, with the following memorandum: On January 8, 1993, the defendant allegedly committed a robbery at the Hela Food Market, and was apprehended by two employees of the store, who beat him. The police responded to the scene, placed the defendant under arrest, and took him to a hospital for treatment.

Later that day, the defendant was returned to the precinct, where lineups were conducted to establish the defendant's complicity in other robberies. One of the police officers who arranged the lineups noted that the defendant appeared "pretty well beaten up". Another officer acknowledged that there were blood spots on the defendant's pants, his face showed "signs of swelling", and he exhibited "a definite wound to his left eye". The original photograph of the lineups shows that both of the

defendant's eyes were blackened and blood shot, his face was noticeably swollen and bloodied, and his tan pants, which were visible during the lineups, were splattered with blood.

Since the defendant had been apprehended for one robbery at the scene, no exigent circumstances warranted immediate lineups with respect to additional robberies, before the defendant's facial appearance improved. Further, there was absolutely no reason to allow the defendant to appear in lineups with his blood-stained pants visible. The defendant's appearance clearly stood out from the other participants in the lineups, and no efforts were made to ameliorate the suggestiveness of the situation (*see, People v Lloyd*, 108 AD2d 873, *affd* 66 NY2d 964).

Accordingly, I would vacate the pleas of guilty (*see, People v Clark*, 45 NY2d 432), suppress the identifications of the defendant at the lineup, and remit the matter to the Supreme Court, Kings County, for further proceedings consistent herewith, including an independent source hearing.