■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WOODY JEAN-CHARLES, Appellant. [640 NYS2d 266] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered October 21, 1993, convicting him of murder in the second degree (two counts), robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

The People established that the police had probable cause to arrest the defendant without a warrant. Probable cause may be supplied, in whole or in part, through hearsay information (*People v Parris,* 83 NY2d 342, 345; *People v Bigelow,* 66 NY2d 417, 423; *People v Cruz,* 191 AD2d 507, 508). Under the *Aguilar-Spinelli* rule (*see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410), when probable cause is predicated in whole or in part upon the hearsay statement of an informant, it must be demonstrated that (1) the informant disclosed a sufficient basis for his or her knowledge, and (2) the informant was reliable (*see, People v Parris, supra*). Further, the basis-of-knowledge and veracity requirements of *Aguilar-Spinelli* are analytically independent and each must be satisfied separately (*see, People v Chase,* 85 NY2d 493; *People v DiFalco,* 80 NY2d 693, 696; *People v Bigelow, supra; People v Brown,* 205 AD2d 791). "[I]nformation provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest" (*People v Phillips,* 120 AD2d 621; *see, People v Johnson,* 66 NY2d 398, 403; *People v Hicks,* 38 NY2d 90).

In the instant case, the disclosed informant was an individual who admitted to using a credit card stolen by the defendant from one of the defendant's victims. Since his statement not only subjected him to a potential penalty for providing the police with fabricated information (*see,* Penal Law § 240.50; *People v McCain,* 134 AD2d 623; *People v Phillips, supra*) but also admitted his own criminal conduct (*see, United States v Harris,* 403 US 573; *People v Johnson, supra,* at 402; *People v*

*Greene,* 153 AD2d 439, 444, *cert denied* 498 US 947), we find that the prosecution established this witness's veracity.

The "basis-of-knowledge" prong of the test may be satisfied upon a showing that the information furnished is so detailed as to make it clear that it must have been based upon personal knowledge (*see, People v Bigelow,* 66 NY2d 417, 424, *supra; People v Isaac,* 206 AD2d 545). In order to satisfy the "basis-of-knowledge" prong, it is not necessary that the informant have personally viewed the criminal activity (*see, People v Greene, supra,* at 444; *United States v Button,* 653 F2d 319, 324, n 6; *United States v Spach,* 518 F2d 866; *United States v Romano,* 482 F2d 1183, *cert denied sub nom. Yassen v United States,* 414 US 1129; *United States v Fiorela,* 468 F2d 688, *cert denied* 417 US 917). This informant, who was with the defendant prior to and immediately after the crime, explained in detail how the defendant planned the crime, took a gun from where it had been secreted, left to commit the robbery, returned with the fruits of the robbery, and talked about the details of the robbery. The information provided by the informant was consistent with the details already learned by the police during their investigation. " 'What is required is information of such quality, considering its source and the circumstances in which it came into possession of the informant, that a reasonable observer would be warranted in determining that the basis of the informant's knowledge was such that it led logically to the conclusion that a crime had been * * * committed' " by the defendant (*People v Reid,* 184 AD2d 668; *People v Greene, supra,* 153 AD2d, at 444; *People v Restrepo,* 87 AD2d 320, 323-324). Based on the evidence before the hearing court, we are convinced that the People established the informant's veracity and basis of knowledge.

Viewing the evidence adduced at trial in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.