■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YI HI LIN, Appellant. [678 NYS2d 107] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered May 25, 1995, convicting him of kidnapping in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Douglass, J.), of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement officials, physical evidence, and identification testimony.

Ordered that the judgment is affirmed.

The complainant was kidnapped, apparently by members of a Chinese gang, in a plot to extort a ransom from his father in China. The complainant was held captive for 13 days, 10 of which were spent in a basement apartment in Brooklyn. The defendant was one of the complainant's captors in the Brooklyn apartment. When a ransom was paid in China, the complainant was released.

Approximately two weeks after being released, the police executed a search warrant at the Brooklyn apartment in which the complainant had been held captive. The officers found restraint devices and a key in the defendant's room. Additionally, telephone records were obtained indicating calls were placed to China from certain relevant locations. Four Asian men were found inside the apartment. They were brought outside, one at a time. The complainant, in a police car, identified the defendant as being one of his captors.

On appeal, the defendant contends that the complainant's in-court identification was the product of an unduly suggestive showup that was not warranted by exigent circumstances. We disagree. While the identification procedure may not be sustained as a proper showup since it was not linked in close temporal or spatial proximity to the crime (*see, People v Duuvon,* 77 NY2d 541; *People v Brnja,* 50 NY2d 366), we nevertheless conclude that the identification testimony was properly received in evidence as having been the result of an "impromptu on-the-scene lineup" (*People v Brathwaite,* 163 AD2d 402) involving the defendant and three other Asian males. Moreover, even assuming that the identification procedure was objectionable, the defendant admitted at trial that he was one of the complainant's captors, although he claimed to have acted under duress as he, too, was a victim of gang-related crimes (*cf., People v Levan,* 62 NY2d 139). Finally, the restraint devices and telephone records provided further evidence of the defendant's guilt.

We have reviewed the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and find that they do not warrant reversal. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.