**Woody Jean CHARLES, Petitioner,**

v.

**Christopher ARTUZ, Superintendent, Greenhaven Correctional Facility, Respondent.**

**No. CV 97–5152(ADS).**

United States District Court, E.D. New York.

Aug. 26, 1998.

Woody Jean Charles, Stormville, NY, pro se.

Office of the Nassau County District Attorney, Mineola, NY by Tammy J. Smiley, Assistant District Attorney, for the Respondent Christopher Artuz.

**MEMORANDUM OF DECISION AND ORDER**

SPATT, District Judge.

In papers filed on August 29, 1997, Woody Jean Charles ("Charles" or the "petitioner") petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the Court are the petitioner's motions for discovery and for permission to file a late reply to the respondent's opposition to the habeas corpus petition.

**I. BACKGROUND**

On October 21, 1993, the petitioner was convicted, following a jury trial in the County Court of Nassau County, of two counts of Murder in the Second Degree, two counts of Robbery in the First Degree, Criminal Possession of a Weapon in the Second Degree, and Criminal Possession of a Weapon in the Third Degree, and was sentenced to indeterminate terms of from 25 years to life on the murder counts, 8 1/3 to 25 years on the robbery counts, 5 to 15 years on the second-degree weapon count, and 2 1/3 to 7 years on the third-degree weapon count, with all sentences to run concurrently (Wexner, J.).

On direct appeal to the Appellate Division, Second Department, the petitioner raised four claims: (1) his confession should have

been suppressed as the fruit of an unlawful arrest without probable cause; (2) the evidence at trial was legally insufficient to prove his guilt beyond a reasonable doubt; (3) the verdict was against the weight of the evidence; and (4) his sentence was excessive. In a unanimous decision dated April 1, 1996, the Appellate Division affirmed the petitioner's conviction, concluding that the police had probable cause to arrest him, that the evidence was legally sufficient and supported by the weight of the evidence, and that the sentence was not excessive. *People v. Jean–Charles,* 226 A.D.2d 395, 640 N.Y.S.2d 266 (2d Dept.1996). The Honorable Vito J. Titone of the New York State Court of Appeals denied the petitioner's application for leave to appeal. *People v. Jean–Charles,* 88 N.Y.2d 987, 672 N.E.2d 620, 649 N.Y.S.2d 394 (1996).

In his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Charles raises four claims, although he lists them in three categories: (1) he was arrested without probable cause; (2) his guilt was not proven beyond a reasonable doubt, because the evidence was "unsupported," "circumstantial" and "inconsistent"; (3) his confession was involuntary; and (4) his guilt was not proven beyond a reasonable doubt because the verdict was based on the biased and self-serving testimony of a cooperating witness.

Presently before the Court is the petitioner's motion for discovery pertaining to his habeas corpus petition. Specifically, the petitioner seeks: (1) the state court transcripts; (2) the state court appellate briefs; (3) the state court leave application; and (4) all motions, responses, decisions and orders, the indictment, the police reports, the Grand Jury minutes, the forensic reports, and a copy of any cooperation agreement between the Government and a prosecution witness. In response to the petitioner's motion, the respondent commendably provided him with a copy of the state court transcript, appellate briefs, and the leave application. However, the respondent opposes the petitioner's motion with respect to the remaining documents, arguing that he has not established "good cause" for his discovery requests, as required under Rule 6 of the Rules Governing Section 2254 Cases.

Also before the Court is the petitioner's unopposed motion for permission to file a late reply to the respondent's opposition to the habeas corpus petition.

## II. DISCUSSION

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). This principle is embodied in Rule 6(a) of the Rules Governing Section 2254, which provides:

A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

The Advisory Committee Notes emphasize that the Rule 6 was "no[t] inten[ded] to extend to habeas corpus, as a matter of right, the broad discovery provisions ... of the [Federal Rules of Civil Procedure]." Rule 6, Advisory Committee Notes (quoting *Harris v. Nelson,* 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 [1969] ).

With these standards in mind, the Court denies the petitioner's motion for discovery, except to the extent the respondent already has provided him with the state court transcripts, briefs and the leave application.

As previously noted, Charles seeks discovery of various materials relating to his state court conviction which, he claims in conclusory fashion, he needs "to fairly and adequately present his Federal Law claims in a Federal judicial form in their appropriate manner." In the Court's view, the petitioner's motion does not establish "good cause" for the desired documents. In fact, his stated purpose is merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error. In sum, his motion amounts to a "fishing expedition" which he hopes will yield a document providing ground for a writ. *See Green v. Artuz,* 990 F.Supp. 267, 271 (S.D.N.Y.1998) (Petitioner's "generalized

statements about the possible existence of material [in support of a habeas petition] do not constitute 'good cause' [for discovery under Rule 6].") (citing *Munoz v. Keane,* 777 F.Supp. 282, 287 [S.D.N.Y.1991], *aff'd sub nom., Linares v. Senkowski,* 964 F.2d 1295 [2d Cir.1992] ). Since the petitioner has not produced specific evidence that the requested material will support his habeas corpus petition, the Court, in its exercise of discretion, declines to find "good cause" warranting the discovery he requests.

For the foregoing reasons, the petitioner's motion for discovery is granted with respect to the state court transcripts, the state court appellate briefs, and the state court leave application, and is denied in all other respects. With the respondent's consent, the petitioner's motion for permission to file a late reply to the respondent's opposition to the habeas corpus petition is granted, to the extent that the petitioner may serve and file a reply on or before September 30, 1998.

### III. CONCLUSION

Having reviewed the parties' submissions, and for the reasons stated above, it is hereby

**ORDERED,** that the petitioner's motion for discovery of the state court transcripts, the state court appellate briefs, and the state court leave application is granted; and it is further

**ORDERED,** that the petitioner's motion for discovery is denied in all other respects; and it is further

**ORDERED,** that the petitioner's motion for permission to file a late reply to the respondent's Affidavit and Memorandum of Law in Opposition to the habeas corpus petition is granted, to the extent that the petitioner may serve and file a reply on or before September 30, 1998.

**SO ORDERED.**