ELIZABETH A. WOLFORD, United States District Judge
INTRODUCTION
Presently before the Court is Petitioners' motion for discovery (Dkt. 31) in connection with Petitioners' motion for a preliminary injunction (Dkt. 38). In their motion for discovery, Petitioners request discovery of any and all communications *594 concerning practices, policies, guidance, or instructions relating to parole at the United States Immigration and Customs Enforcement ("ICE") Office located in Batavia, New York ("Batavia Detention Facility"). (Dkt. 31). Respondents oppose the discovery motion on several grounds, and argue that the requested discovery is not relevant and is overly broad. (Dkt. 46). For the following reasons, Petitioners' motion is denied.
DISCUSSION
I. Legal Standard
"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley , 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). "A petitioner bears a heavy burden in establishing a right to discovery." Edwards v. Superintendent, Southport C.F. , 991 F.Supp.2d 348, 364 (E.D.N.Y. 2013). "Rule 6(a) of the Rules Governing § 2254 Cases provides that a habeas petitioner is entitled to discovery 'if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.' " Renis v. Thomas , No. 02-CV-9256 (DAB) (RLE), 2003 WL 22358799, at *1 (S.D.N.Y. Oct. 16, 2003). "Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error." Pizzuti v. United States , 809 F.Supp.2d 164, 176 (S.D.N.Y. 2011) (quotations omitted). "Generalized statements regarding the possibility of the existence of discoverable material cannot yield 'good cause.' The court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his or her habeas corpus petition." Renis , 2003 WL 22358799, at *1 (citation omitted).
II. Petitioners' Motion for Discovery is Denied
Here, Petitioners seek the following expedited discovery:
All communications since January 1, 2017, concerning policies, practices, guidance, or instructions, both formal and informal, about the parole of asylum-seekers at ICE's Buffalo Field Office, including but not limited to communications concerning Executive Order No. 13767, "Border Security and Immigration Enforcement Improvements" (Jan. 25, 2017), and the Memorandum from Secretary of Homeland Security, "Implementing the President's Border Security and Immigration Enforcement Improvement Policies" (Feb. 20, 2017).
(Dkt. 31-2 at 4). Petitioners describe their requested discovery as "a single document request within a brief date range." (Id .). Petitioners argue that the communications sought from Respondents "would be important supplements" to the "substantial factual record" they intend to submit in support of their motion for preliminary injunction. (Id. at 8).[1] Petitioners also make general assertions that such discovery would be relevant to their claims. (Id. ).
However, Petitioners do not indicate how the requested communications will "actually advance [their] claims of error." Pizzuti , 809 F.Supp.2d at 176 (emphasis added). It is not enough to simply surmise that the communications exist and that they may be relevant, it is Petitioners' heavy burden to "produce[ ] specific evidence that the requested material will sup port *595 [their] habeas corpus petition... " Charles v. Artuz , 21 F.Supp.2d 168, 170 (E.D.N.Y. 1998) (emphases added). Accordingly, Petitioners' generalized claims regarding the possible relevancy of these communications do not establish the requisite "good cause" to warrant court-sanctioned discovery. See Renis , 2003 WL 22358799, at *1 ("Though there may exist discoverable materials in the sole possession of the Parole Board, which might yield good cause to justify discovery, the generalized nature of [the petitioner's] requests renders them merely speculative, and likely unworkable from a practical perspective.").
Furthermore, despite Petitioners' characterization of this discovery motion as a "single document request," the fact that "all communications" are sought signals that this request could become voluminous. See Mills v. Lempke , No. 11-CV-0440 (MAT), 2012 WL 1574749, at *5-6 (W.D.N.Y. May 3, 2012) (determining that discovery requests, including "all communications between every Genesee County Public official involved in any aspect of his various criminal proceedings," were overbroad and amounted to a "fishing expedition"); see also Renis , 2003 WL 22358799, at *1 (denying discovery where the petitioner requested, inter alia , "[a]ll press releases, transcripts or memoranda of statements, or the statements themselves, made by Governor Pataki to the media at any time during his governorship; and [a]ll documents (including electronic ones) received by the Division [of Parole] from, or sent by the Division [of Parole] to, the New York State Legislature or any member of the Legislature" (internal quotation marks omitted)). Petitioners' putative class action contends, among other things, that Respondents have failed to follow a particular internal agency policy relating to the parole of aliens who remain detained subsequent to the successful completion of a credible fear interview. (See Dkt. 17 at ¶ 96; see also id. at ¶ 81; Dkt. 17-7 at 5-14). Petitioners' motion does not indicate why it would be necessary, at this point in the proceedings, for the Court to permit broad discovery of any and all communications relating to any and all "policies, practices, guidance, or instructions, both formal and informal," about paroling asylum-seekers at the Batavia Detention Facility. Such a request could theoretically involve communications with other agencies in the federal government that have no relationship to the claims brought by this action.
Therefore, the Court determines that Petitioners have not established "good cause" warranting discovery at this point in time.
CONCLUSION
For the foregoing reasons, Petitioners' motion for discovery (Dkt. 31) is denied, without prejudice.
SO ORDERED.

Indeed, Petitioners have since submitted a "substantial factual record" in support of their motion for preliminary injunction. (See Dkt. 38; Dkt. 51).