**Abraham HIRSCHFELD, Petitioner,**

v.

**COMMISSIONER OF THE DIVISION OF PAROLE, New York State, Respondent.**

No. 03 Civ. 0098(KMW)(RLE).

United States District Court, S.D. New York.

May 8, 2003.

**MEMORANDUM OPINION & ORDER**

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

On April 22, 2003, *pro se* habeas corpus petitioner Abraham Hirschfeld ("Hirschfeld") issued notices for the depositions of three individuals, which would take place on May 9, 2003. He subsequently sought the Court's permission to conduct the depositions. Respondent argues that Hirschfeld has failed to demonstrate the necessary good cause to entitle him to discovery. For the reasons following, Hirschfeld's request is hereby **DENIED** without prejudice.

### II. BACKGROUND

On January 6, 2003, Hirschfeld filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to vacate his state court conviction for criminal solicitation. On January 17, 2003, the case was referred to the undersigned. On January 30, 2003, this Court issued an order directing respondent to file an answer by March 28, 2003. When respondent failed to answer, Hirschfeld moved for a default judgment. By letter dated April 8, 2003, the office of the Attorney

General of the State of New York notified the Court that it had never been served with the petition. On April 11, 2003, the Court issued a second order directing that respondent file an answer by June 12, 2003.

On April 22, 2003, Hirschfeld served deposition notices upon Assistant District Attorney Gilda Mariani, District Attorney Robert Morgenthau, and Attorney General Eliot Spitzer, for depositions taking place at Hirschfeld's office on May 9, 2003. He also served each with a list of topics to be addressed. Hirschfeld then wrote letters to the Court on May 1, 2003, and May 2, 2003, requesting that the Court authorize the requested discovery.

## III. DISCUSSION

■ It is established that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997); *Beatty v. Greiner*, 50 Fed.Appx. 494, 496 (2d Cir.2002); *Rossney v. Travis*, 2003 WL 135692, at *12 (S.D.N.Y. Jan. 17, 2003). Rule 6(a) of the Rules Governing Section 2254 Cases provides that a habeas petitioner is entitled to discovery "if, and to the extent that, the judge in the exercise of his discretion and *for good cause shown* grants leave to do so, but not otherwise." (Emphasis supplied); *see Bracy v. Gramley*, 520 U.S. at 904, 117 S.Ct. 1793. A petitioner must show good cause by presenting "specific allegations" which give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Id.* at 908–909, 117 S.Ct. 1793 (*quoting Harris v. Nelson*, 394 U.S. 286, 300, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969)). The Court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition. *Gonzalez v. Bennett*, 2001 WL 1537553, at *4 (S.D.N.Y. Nov. 30, 2001).

■ Hirschfeld has requested that the Court grant him permission to depose three individuals, but has not established that the individuals could provide any information which would support the claims in his habeas corpus petition. Respondent argues that none of the topics listed in the deposition notices relate to any of his claims. Hirschfeld brings his petition on the following grounds: (1) denial of his Sixth Amendment right to self-representation and to cross-examine witnesses; (2) ineffective assistance of counsel due to counsel's failure to properly cross-examine witnesses, to properly investigate claims, to obtain a missing witness charge, to properly prepare the case for trial, to timely move for a dismissal, and to object at a suppression hearing to the use of a tape-recorded conversation; (3) admission of tape-recorded evidence in violation of Due Process and the Fourth Amendment; (4) insufficiency of evidence at trial; and (5) the verdict was against the weight of the evidence. From Hirschfeld's list of subject matter to address at the depositions, it is unclear what information could be revealed that would bear any relation to the claims in his petition. Hirschfeld has failed to make specific allegations to show that he might be entitled to relief if the facts are developed more fully through discovery. *See Bracy v. Gramley*, 520 U.S. at 904, 117 S.Ct. 1793. Therefore, he has failed to demonstrate the "good cause" necessary for the Court to grant him discovery. The Court finds that Hirschfeld's request to conduct discovery must be DENIED. It is proper at this stage that the denial be without prejudice, given that the answer to the petition is not due until June 12, 2003, with a reply by Hirschfeld due July 11, 2003.

## IV. CONCLUSION

In light of the foregoing, Hirschfeld's request to conduct depositions is **DENIED** without prejudice.