USA CERTIFIED MERCHANTS, LLC, Jerry Mossberg and K.W. Liu, Plaintiffs,

v.

Steve KOEBEL, Keith Coleman, and Kentucky Derby Hosiery Co., Inc., Defendants.

No. 01 CIV. 0408(VM).

United States District Court, S.D. New York.

July 24, 2003.

Jeffrey Daichman, Nahum Ari Kianovsky, Kane Kesselr, P.C., New York, NY, for USA Certified Merchants, LLC, Jery Mossberg, K.W. Liu.

David S. Smith, Smith Campbell, L.L.P., New York, NY, for Steve Koebel.

Laura H. Rubin, Tannenbaum, Dubin & Robinson, L.L.P., New York, NY, for Keith Coleman.

Alfred W.J. Marks, Tyler J. Kandel, Emmet, Marvin & Martin, L.L.P., New York, NY, for Kentucky Derby Hosiery Co., Inc.

### DECISION AND ORDER

MARRERO, District Judge.

On May 14, 2003, the Court entered a Decision and Order in this matter granting defendant Kentucky Derby Hosiery, Inc.'s ("KDH") motion for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. *See USA Certified Merchants, LLC v. Koebel,* 262 F.Supp.2d 319 (S.D.N.Y.2003) (the "Decision"). Plaintiffs USA Certified Merchants, LLC, Jerry Mossberg, and K.W. Liu (collectively, "Plaintiffs") have moved for reconsideration pursuant to Rule 59(e)

contending that the Court "misunderstood or overlooked certain legal and factual issues and the existence of genuine issues of material fact [that] warrant the denial of summary judgment in favor of Coleman and KDH." (Plaintiff's Memorandum in Support of Motion for Reconsideration, dated May 30, 2003 ("Pl.Mem."), at 1). For the reasons set forth below, the motion for reconsideration is DENIED.

■■■ Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Management Sys. Inc. Secs. Litig.*, 113 F.Supp.2d 613, 614 (S.D.N.Y.2000). Under Local Civil Rule 6.3, which governs motions for reconsideration, the moving party must demonstrate controlling law or a factual matter before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. *See SEC v. Ashbury Capital Partners, L.P.*, No. 00 Civ. 7898, 2001 WL 604044, *1 (S.D.N.Y. May 31, 2001) (citing *AT&T Corp. v. Community Network Servs., Inc.*, No. 00 Civ. 316, 2000 WL 1174992, * 1 (S.D.N.Y. Aug.18, 2000) and Local Civil Rule 6.3). Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence. *See Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992).

■■■ A Rule 59(e) motion is not intended to be a vehicle for a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided. *See Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F.Supp.2d 365, 368 (S.D.N.Y.1999). Consistent with these objectives, the strict pa-

rameters of Local Civil Rule 6.3 are designed to ensure "the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *See Ashbury*, 2001 WL 604044, at *1 (citing *Carolco Pictures, Inc. v. Sirota*, 700 F.Supp. 169, 170 (S.D.N.Y. 1988)). A court must narrowly construe and strictly apply Local Civil Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. *See Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999); *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y.1996) (noting that a motion for reconsideration is not an opportunity for the moving party to "argue those issues already considered when a party does not like the way the original motion was resolved.")

■■ Here, the Court did not overlook the issues that Plaintiffs rely upon as grounds for reconsideration, nor have Plaintiffs raised any new issues that were not before the Court when it issued its Decision. Specifically, Plaintiffs contend that (1) the Court overlooked facts that support its claim that Coleman was "aware of and participated in Koebel's fraudulent scheme" (Pl. Mem. at 4); (2) the Court erred, as a matter of law, in not finding that KDH was vicariously liable for Coleman's acts (*id.* at 10); and (3) the court erred in granting summary judgment, *sua sponte* dismissing all claims against Coleman without giving Plaintiffs notice or an opportunity to respond (*id.* at 12).

## I. COLEMAN'S ALLEGED AWARENESS OF AND PARTICIPATION IN KOEBEL'S FRAUDULENT SCHEME

Plaintiffs argue that the Court overlooked facts that support their position

that Coleman was "aware of and participated in Koebel's fraudulent scheme." To support this claim, Plaintiffs point to six discreet facts that they argue demonstrate Coleman's liability. However, each of these facts was considered by the Court in its Decision granting summary judgment to KDH and Coleman, as is demonstrated by Plaintiffs' reference to the Decision during its discussion of each of these six facts. (*See* Pl. Mem. at 4–5) (citing Decision at 28); (*id.* at 5 and 28); (*id.* at 6) (citing Decision at 29); (*id.* at 7) (citing Decision at 38–39). Rather than pointing to evidence or law that the Court may have overlooked, Plaintiffs appear to support their claim by urging the Court to reevaluate the factual record that was before it on the motion for summary judgment and to reach a conclusion that is more favorable to them.

The Court reiterates that a motion for reconsideration is not designed to accord an opportunity for the moving party, unhappy with the results, to take issue with the Court's resolution of matters considered in connection with the original motion. *See In re Houbigant, Inc.,* 914 F.Supp. at 1001. Because Plaintiffs have not introduced any facts that the Court overlooked to support their claim that Coleman knew and participated in Koebel's scheme, the Court finds no basis to grant reconsideration on this issue. *See Ashbury,* 2001 WL 604044, at *1.

## II. *KDH'S VICARIOUS LIABILITY FOR COLEMAN'S ACTS*

Plaintiffs argue that the Court erred in not finding KDH vicariously liable for Coleman's acts. (Pl. Mem. at 10). In this regard, too, Plaintiffs fail to demonstrate controlling law or a factual matter before the Court on the underlying motion that the movant believes the Court overlooked and that might reasonably be expected to alter the Court's decision. *See Ashbury,* 2001 WL 604044, at *1.

Instead, Plaintiffs argue that the Court misapplied the Eastern District of New York's ruling in *Amendolare v. Schenkers Int'l Forwarders, Inc.,* 747 F.Supp. 162, 168–170 (E.D.N.Y.1990). (Pl. Mem. at 12–17). Plaintiffs argue that the Eastern District in *Amendolare* departed from the well-settled rule that vicarious liability can only be imposed on a corporation under Rico if the corporation is "central" or "controlling" in the RICO enterprise and that the case supports their position that vicarious liability can be imposed against KDH under the principles of apparent authority. (*Id.* at 13). However, the Eastern District in *Amendolare* upheld the "central or controlling figure" requirement and applied the doctrine of apparent authority only as an exception to the "scope of employment" rule. *See Amendolare,* 747 F.Supp. at 168–170. To this extent as well, Plaintiffs appear to be urging the Court to reconsider issues that it previously considered and to enter a judgment that is more favorable to Plaintiffs.

Apparently acknowledging their failure to submit controlling law that the Court overlooked to support their motion for reconsideration, Plaintiffs argue that "KDH is incorrect in arguing that 'only controlling authority' is grounds for reconsideration." (Plaintiff's Reply Memorandum in Further Support of Motion for Reconsideration, dated July 10, 2003 ("Pl. Reply Mem."), at 1). To support this position, Plaintiffs rely on *Jacques v. DiMarzio, Inc.,* 200 F.Supp.2d 151, 163 (E.D.N.Y. 2002). In *Jacques,* the court moved, *sua sponte,* to reconsider its denial of a summary judgment motion after it independently learned of the Eighth Circuit's decision in *Weber v. Strippit, Inc.,* 186 F.3d 907 (8th Cir.1999), which was contrary to its own. *See id.*

Plaintiffs argue that because the *Jacques* court entertained a motion for

reconsideration after learning of an Eighth Circuit case which was not controlling, this Court should not require them to submit controlling law to support their motion for reconsideration (Pl. Reply Mem. at 2).[1] Consequently, *Jacques* stands for the proposition that the Court could, on its own initiative, reexamine a prior ruling in light of a case that is not controlling authority and then reaffirm its prior decision. *See* F.Supp.2d at 163. In this case, the Court, finding no compelling reason or decision that would alter the result, is not inclined to reexamine its prior ruling.

Accordingly, the Court denies Plaintiffs' motion for reconsideration on the issue of KDH's vicarious liability for Coleman's actions. *See Ashbury*, 2001 WL 604044, at *1.

## III. THE COURT'S GRANTING SUMMARY JUDGMENT, SUA SPONTE, DISMISSING ALL CLAIMS AGAINST COLEMAN

 Plaintiffs argue that the Court erred in granting summary judgment, *sua sponte*, in favor of Coleman without giving Plaintiffs notice and an opportunity to respond. While it is the "preferable practice" in this Circuit to provide parties with ten days notice prior to a *sua sponte* grant of summary judgment, "[w]here it appears clearly upon the record that all of the evidentiary materials that a party might submit in response to a motion for summary judgment are before the court, a *sua sponte* grant of summary judgment against that party may be appropriate if those materials show that no material dispute of fact exists and that the other party is entitled to judgment as a matter of law." *Bridgeway Corp. v. Citibank*, 201 F.3d 134, 139 (2d Cir.2000) (citing *Ramsey v. Coughlin*, 94 F.3d 71, 73–74 (2d Cir.1996)).

The Court's determination dismissing all claims against Coleman in this case satisfies the *Bridgeway* standard. Plaintiffs' theory of recovery asserts that KDH's liability is predicated on Coleman's liability. Consequently, in order to demonstrate KDH's liability, Plaintiffs fully briefed the issue of Coleman's liability in their opposition to KDH's motion for summary judgment. Therefore, it was reasonable for this Court to conclude that "all of the evidentiary materials that [Plaintiffs] might submit in response to a motion for summary judgment" dismissing Plaintiff's claims against Coleman were already before the Court.[2] *Id.*

Moreover, the Court was persuaded by the record before it that no genuine dispute of material fact exists and that Coleman is entitled to judgment as a matter of law. *See id.* As a result, the Court's dismissal, *sua sponte*, of Plaintiffs' claims against Coleman was proper and Plaintiffs' request for reconsideration on this basis is denied.

## IV. ORDER

For the reasons set forth above, it is hereby **ORDERED** that Plaintiffs' motion

1. However, Plaintiffs fail to mention in their Reply Memo that even though the Eastern District reconsidered its prior ruling in *Jacques*, it ultimately upheld its original denial of the motion for summary judgment. *See Jacques*, 200 F.Supp.2d at 166.

2. Moreover, Plaintiffs do not advance in their motion for reconsideration any factual or legal arguments to demonstrate Coleman's liability that were not previously before the Court. Plaintiffs' failure to point to additional facts or legal argument concerning Coleman's liability bolsters the conclusion that Plaintiffs have already fully briefed this issue and that "all of the evidentiary materials that [Plaintiffs] might submit in response to a motion for summary judgment" dismissing Plaintiff's claims against Coleman were before the Court when it issued the Decision. *See Bridgeway*, 201 F.3d at 139.

506

for reconsideration pursuant to rule 59(e) of the Federal Rules of Civil Procedure is DENIED.

**SO ORDERED.**