**Victor PEREZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. CV 98–1316(ADS).

United States District Court, E.D. New York.

July 18, 2005.

Ruth M. Liebesman, New York, NY, for Petitioner.

Roslynn R. Mauskopf, United States Attorney by Mary K. Barr, Special Assistant United States Attorney, Central Islip, NY, for U.S.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On February 23, 1998, the petitioner Victor Perez ("Petitioner" or "Perez") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence arising from his 1991 conviction in this Court. In a decision dated August 4, 2003, the Court denied this petition in all respects. See, *Perez v. United States of America*, 274 F.Supp.2d 330 (E.D.N.Y. 2003). The Petitioner now moves for re-

consideration of the August 4, 2003 decision, or in the alternative, or for an evidentiary hearing.

## I. BACKGROUND

### A. The Trial and Direct Appeal

After a jury trial on May 16, 1990, the Court entered a judgment convicting Perez of conspiring to distribute, and possessing with intent to distribute, cocaine and cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(c). This charge arose from the Petitioner's involvement in an organization that sold cocaine and crack cocaine in locations in Brooklyn, New York. During the trial, evidence was adduced that Perez worked as an armed bodyguard at one of the drug organization distribution locations and was one of the gunmen who shot one Manuel Rivas, an informant ("Rivas"), on May 28, 1989. Rivas testified that he observed Perez pick up and deliver drugs at distribution locations. He identified Perez as one of the persons who shot him on May 28, 1989. Yunior Capellan ("Capallan") testified that he was shot by Perez. At the trial, Herbert Wall, the Petitioner's cell mate, testified to incriminating statements by Perez. After his conviction, Perez was sentenced to 235 months incarceration; five years supervised release; and a fifty dollar special assessment.

On direct appeal to the United States Court of Appeals for the Second Circuit, Perez argued that this Court erred: (1) in admitting evidence that Perez shot Rivas; (2) in denying his request for a bench trial over government objections; (3) in refusing to instruct the jury on multiple conspiracies; and (4) in denying his request for a polygraph examination.

On September 25, 1991, the Second Circuit affirmed his conviction. *United States v. Perez,* 946 F.2d 883 (2d Cir.1991). In particular, the Second Circuit found that: (1) the Court properly admitted evidence that Perez shot Manuel Rivas because "the shooting was committed in furtherance of the conspiracy;" (2) the Court properly denied his request for a bench trial; (3) he was not entitled to a multiple conspiracies jury instruction; and (4) the Court correctly denied his request for a polygraph examination.

### B. The Section 2255 Petition

In his Section 2255 petition, Perez alleged that his trial counsel was ineffective on the basis that: (1) he failed to conduct an adequate pre-trial investigation; (2) he failed to challenge the amount of drugs attributable to him; and (3) he failed to object to the sentence enhancements for obstruction of justice and possession of a weapon. Perez also argued that he was denied due process when the Court sentenced him according to a criminal history category which allegedly misrepresented his prior criminal history.

In connection with his Section 2225 petition, Perez also filed two "supplemental" pleadings, arguing that: (1) the government impermissibly promised something of value to witnesses in exchange for testimony; and (2) he has newly discovered evidence in the form of a transcript and an affidavit from Capellan which state that Capellan was told to identify Perez and that he could not have recognized Perez at the trial without assistance. Perez also filed a motion for discovery, specifically requesting all documents relating to police officers Michael Dowd and Christopher Di-Lorenzo, alleging that these two officers were involved in corrupt activity and framed Perez.

In a decision dated August 4, 2003, the Court denied the Section 2255 Petition and the "supplemental" motions in their entirety.

## C. The Motion for Reconsideration

On September 22, 2003, Perez filed a "Motion for Reconsideration," in which he makes the following contentions: (1) Capellan claims that an individual named Diaz was the shooter, not the Petitioner; (2) prosecutorial misconduct and ineffective assistance of counsel described as follows:

The actions of the informant and agents have led to Prosecutorial Misconduct and have prevented the petitioner his right to effective assistance of counsel by utilyzing (sic) perjured testimony to identify petitioner as the alleged shooter, falsely claiming that the petitioner was (sic?) a .38 revolver and tailoring Herbert Walls testimony (sic), with respect to slugs and guns, thus purposely suppressing exculpatory evidence that Diaz was the one on June 5, 1989 who was identified rather than petitioner.

Rivas ascersion (sic) that petitioner was an active member of the Diaz Organization could not be supported or corroborated (sic) by any evidence. The government's admission of the evidence which claimed that petitioner shot Rivas and Capellan violated the petitioner's right to a fair trial which was an injustice that needed to be brought out in an evidentiary hearing.

In addition, the Petitioner contends that the Court's prior decision was "clearly arbitrary" because the Court failed to hold an evidentiary hearing. Attached to this motion for reconsideration was the previously referred to typewritten affidavit signed by Capellan, dated April 3, 2001.

On December 11, 2003, the Petitioner wrote to the Court to clarify his motion for reconsideration, namely that: (1) Defense counsel was ineffective for failure to investigate Capellan which would lead to newly discovered evidence; (2) there was prosecutorial misconduct when an informant and a DEA Agent "tainted the identification process of Mr. Yunior Cappellan ...";  (3) there was a Brady violation with regard to a statement by Capellan; and (4) the testimony of Herbert Wall, the petitioner's cellmate, a witness at the trial, was tailored and falsified as to the type of weapon used in the shooting.

On December 29, 2003, the Petitioner submitted: (1) an affidavit by his private investigator Vincent Parco; (2) a written request by the petitioner to the Office of the Attorney General in or about December 1993 complaining about prosecutorial misconduct; and (3) a letter from the Supreme Court, Appellate Division, First Department, Departmental Disciplinary Committee rejecting Petitioner's complaint against his trial attorney, Roger J. Schwarz, Esq.

On July 26, 2004, the Petitioner obtained counsel who filed a supplemental memorandum of law in support of the Petitioner's motion for reconsideration. This supplemental memorandum of law raises the following arguments: (1) newly discovered evidence—the Capellan Affidavit which establishes the Petitioner's innocence; (2) a renewed claim of ineffective assistance of trial counsel; (3) the necessity for additional discovery and; (5) the necessity for an evidentiary hearing.

Although this supplemental memorandum also made an argument based on *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and the then pending *Booker/Fanfan* cases before the Supreme Court, as a result of *Booker* being decided on January 12, 2005, the factual findings made by the Court at the time of sentencing, rather than the jury, including the drug quantity and obstruction of justice, were proper

On December 22, 2004, the Petitioner moved to file a supplemental exhibit in

support of his motion for reconsideration, namely a purported affidavit from Adam Diaz dated December 1, 2004, which states:

### AFFIDAVIT IN SUPPORT

State of New York):

County of Essex)

I (Adam Diaz) swear to the fact that Victor Perez had no involvement in any fashion with the criminal activities that I was indicted for On June 1, 1989, In the Eastern District of New York. I am also willing to do so under oath in a court of law.

/s/

_____

ADAM DIAZ

Dated: *Dec. 01, 2004*

Adam Diaz was the leader of the major drug organization in which Perez was a convicted co-conspirator. The evidence at the trial revealed that Perez was an armed bodyguard at one of the drug organization distribution locations.

However, considering these multiple somewhat duplicate assertions by the Petitioner, there are only the following contentions:

1. The newly discovered evidence in the form of the Capellan Affidavit and the Diaz Affidavit.

2. The August 4, 2003 decision was "clearly arbitrary" because the Court failed to grant an evidentiary hearing to address the "newly discovered evidence."

3. The Court erred in denying the Petitioner's motion for discovery.

4. The rules in *Blakely/Booker* would have changed the result.

5. The Court erred in denying the ineffective assistance of counsel claim; and

6. Witness Herbert Wall's testimony was tailored and falsified as to the type of weapon used in the shooting.

## II.  DISCUSSION

### A.  The Standard

It is well-settled that a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995). *See, also, University of California Press v. G.A. Ins. Co. of New York,* 1996 WL 497143 (E.D.N.Y.1996) *aff'd,* 116 F.3d 466 (2d Cir.1997). The difficult burden imposed on the moving party has been established "in order to dissuade repetitive arguments on issues that have already been considered fully by the Court." *Ruiz v. Com'r of the D.O.T. of the City of NY,* 687 F.Supp. 888, 890 (S.D.N.Y.1988), *aff'd,* 858 F.2d 898 (2d Cir.1988). Thus, to grant such a motion the Court must find that it overlooked " 'matters or controlling decisions' which, if considered by the Court, would have mandated a different result." *Durant v. Traditional Inv., Ltd.,* No. 88 Civ. 9048, 1990 WL 269854, at *1 (S.D.N.Y. Apr.25, 1990).

In a motion for reconsideration, a party may not advance new facts, issues, or arguments not previously presented to the court. *Caribbean Trading & Fidelity Corp. v. Nigerian National Petroleum Corp.,* 948 F.2d 111, 115 (2d Cir.1991); *Walsh v. McGee,* 918 F.Supp. 107, 110 (S.D.N.Y.1996); *Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivanos,* 1989 WL 67239 (S.D.N.Y.1989). A motion for reconsideration is not a vehicle for a party dissatisfied with a court's ruling to secure a rehearing on the merits

with respect to issues already decided. *See USA Certified Merchants, LLC v. Koebel,* 273 F.Supp.2d 501, 503 (S.D.N.Y. 2003); *see also Range Rd. Music v. Music Sales Corp.,* 90 F.Supp.2d 390, 392 (S.D.N.Y.2000) ("The ... limitation on motions for reconsideration is to ensure finality and to prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters.")

Also, the Courts role with regard to a motion for reconsideration is "to prevent the rule from being used as a substitute for appealing a final judgment." *USA Certified Merchants,* 273 F.Supp.2d at 503. Reconsideration of a court's prior order "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y.2000) (internal quotation marks and citation omitted); *see also USA Certified Merchants,* 273 F.Supp.2d at 503.

Here, the Petitioner fails to point to a controlling decision or factual data that the Court overlooked. Other than the affidavit by Diaz, the Petitioner does not advance any new facts, issues or arguments not previously presented to the Court.

## B. Analysis

### 1. Newly Discovered Evidence

#### a. The Capellan Affidavit

■ Capellan testified at the trial that Perez shot him. Although the original Section 2255 petition merely referenced an affidavit by Capellan, the Petitioner now submits a photocopy of the Capellan Affidavit as "newly discovered evidence." The Capellan Affidavit states in part:

When we went to court, I had to make an in-court identification of one of the people who shot me that night. The person in court was Victor Perez. I was told by Nelson Rivas that he was the guy who shot me. At that time Agent Velazco also told me that Victor Perez was the shooter. I recently looked at photographs of Victor Perez and could not identify him. I am now stating that without Nelson Rivas and Agent Pedro Velazco pointing out Victor Perez, I could not have identified him in court.

Significantly, in his affidavit, Capellan did not state that Perez was not the shooter, but only that two others assisted him in identifying Perez. This is conceded by the Petitioner in the "Supplemental Memoranda of Law" which states that "while [Capellan] does not affirmatively state that Perez was not the shooter, he states he only identified Perez because he was told that that was whom he should identify." Supp. Mem. at 25. In addition, in his affidavit, Capellan stated that "the man I identified in Court as Victor Perez, I believed at that time to be one of the shooters in the car."

Further, the Court commented on this alleged transcript of a conversation between Capellan and investigator Parco in its August 4, 2003 decision, as follows:

The transcript of the alleged conversation between a private investigator and Mr. Capellan consists of photocopied pages that bear no cover sheet or official insignia of any kind. Further, the private investigator is not identified throughout any of the submissions, nor does he certify that he actually had the supposed conversation with Mr. Capellan. Even if Perez provided more official or authentic information to the Court, it would not sufficiently support his motion. Looking at the substance of the transcript, Mr. Capellan reveals no new exculpatory evidence. The conversation is choppy and often lacks responses, which is indicated by a series of

question marks ("? ? ? ? ? ? ? ?") in the transcript. " The questions and answers are mostly circular, revealing no information whatsoever"

274 F.Supp 2d at 335.

In this regard, the Court recalls that another witness identified Perez as the shooter and a fellow inmate testified as to his admissions. Also, the Court again notes that this affidavit was made eleven years after the crime. In *Herrera v. Collins*, 506 U.S. 390, 391, 113 S.Ct. 853, 854 122 L.Ed.2d 203 (1993), it was ruled that a state death row inmate who presented evidence of innocence ten years after the commission of the crime is not ordinarily entitled to a new hearing in Federal Court. The Court stated that only "truly persuasive evidence" with an "extraordinarily high" chance of success might merit an exception to the general rule. The Court further stated that newly discovered evidence has never been regarded as a sufficient basis for federal court relief through habeas corpus in the absence of some underlying constitutional violation. "Federal habeas courts do not sit to correct errors of fact, but to insure that individuals are not imprisoned in violation of the constitution—*See, e.g. Moore v. Dempsey*, 261 U.S. 86, 87–88, 43 S.Ct. 265, 265–266, 67 L.Ed. 543 (1923)."

■ Furthermore, Courts are particularly reluctant to grant such motions where the newly discovered evidence consists of a witness recantation, as such recantations are "looked upon with the utmost suspicion." *United States v. DiPaolo*, 835 F.2d 46 (2d Cir.1987). Also a new trial is not ordinarily justified if the newly-discovered evidence would be used merely for impeachment. *United States v. Reyes*, 49 F.3d 63, 68 (2d Cir.1995). *See also Mesarosh v. United States*, 352 U.S. 1, 9, 77 S.Ct. 1, 5, 1 L.Ed.2d 1 (1956); *United States v. Spencer*, 4 F.3d 115, 119 (2d Cir.1993).

Here the Capellan affidavit with its non-determinative statement is not "truly persuasive" nor does it afford the petitioner an "extraordinary high" chance of success. In any event, on this motion for reconsideration, the repeated arguments with regard to the Capellan affidavit are not supported by controlling decisions or data that the Court overlooked in its prior decision. Nor could there have been any *Brady* violation with regard to the Capellan affidavit.

### b. The Diaz Affidavit

■ As stated above, in a motion for reconsideration, the Court cannot consider new facts not previously presented to the Court. The Diaz Affidavit has never previously been presented to the Court. To be considered, this "newly discovered evidence" must be construed as a second or successive application. *Adams v. United States*, 155 F.3d 582, 583 (2d Cir.1998) (citing 28 U.S.C. 2244(b) ("Second or successive applications may be heard only if they involve newly discovered evidence of a potentially dispositive nature, or a new and retroactive rule of constitutional law.")).

However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant [must] move in the ... court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(a). The Second Circuit warned "[t]he district courts must be careful not to recharacterize a portion of the 60(b) motion as a second or successive collateral attach and transfer it to [the Second Circuit] until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer by withdrawing

(perhaps for later refiling explicitly as a new collateral attack) the portion of his 60(b) motion that the district court believes presents new challenges to the underlying conviction." *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir.2002).

Accordingly, Perez is directed to notify this Court in writing within 45 days of the date of this Memorandum and Order, whether he wishes the Court to forward the Diaz aspect of his motion for reconsideration to the Second Circuit. The Court cautions that failure to comply with this directive will result in dismissal of the request.

### 2. As to the Request for an Evidentiary Hearing

Section 2255 provides that "(U)nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the Court shall cause notice to be served upon the United States Attorney, (and) grant a prompt hearing therein. . . ." In this case the record was supplemented by affidavits and memoranda by the Petitioner and the Government. In the Court's view, the record was sufficient to "conclusively show" that the Petitioner "is entitled to no relief". This is especially true in that this Court tried the case and is intimately familiar with the trial proceedings and the events and circumstances surrounding them. *See e.g., Chang v. United States*, 250 F.3d 79, 86 (2d Cir.2001).

### 3. As to the Request for Discovery

■ As to Perez' request for discovery, it is well-settled that a habeas corpus petitioner is not entitled to discovery as a matter of course. *See Drake v. Portuondo*, 321 F.3d 338, 346 (2d Cir.2003) (citing *Bracy v. Gramley*, 520 U.S. 899, 117 S.Ct. 1793, 1797, 138 L.Ed.2d 97 (1997)). A petitioner must show good cause for his

request. As the Court stated in the prior decision:

> Perez has provided not one iota of proof that any corruption took place during his case. Where, as here, the request for discovery is a mere fishing expedition, the Court will not grant it. *See Hirschfeld v. Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y.2003); *Charles v. Artuz*, 21 F.Supp.2d 168, 170 (E.D.N.Y. 1998). Accordingly, Perez's discovery motion is denied.

On this motion for reconsideration, Perez has not pointed to a controlling decision or additional facts that the Court overlooked with regard to this request for discovery. Accordingly, this successive discovery request is denied.

### 4. As to the Blakely/Booker Contention

■ The Petitioner also contends that the recent major Supreme Court ruling in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) would have changed the sentencing result as to this Petitioner. However, the Petitioner cannot obtain relief under *Booker* because the rules enunciated in that case have no retroactive effect. *See Guzman v. United States*, 404 F.3d 139 (2d Cir.2005); *Green v. United States*, 397 F.3d 101 (2d Cir.2005).

### 5. As to the Remaining Contentions

The Petitioner's remaining contentions are without merit. The assertion that the witness Herbert Wall's testimony "was tailored and falsified as to the type of weapon used on the shooting" was not raised on direct appeal and is therefore unexhausted. In addition, on the merits, the Court finds that this most recent contention regarding Wall is unpersuasive.

Of the three witnesses who testified that the Petitioner was involved in the shooting of Capellan, the supplemental memorandum states that the testimony of two of them, Wall and Rivas, "were inherently incredible, and without the supporting testimony of Capellan would have been disbelieved." The Court disagrees. With reasonable certainty, the Court finds that the testimony of Rivas and Wall could have been accepted by a jury based on their own credibility.

Also, the Petitioner again raises the specter of ineffective assistance of counsel. The Court previously found that the Petitioner's contentions in this regard as to (1) the failure to investigate; and (2) the failure to challenge the sentence, are without merit. The Court has reviewed the Petitioner's most recent arguments and finds that there is no grounds to alter the Court's prior ruling. Accordingly, Perez' ineffective assistance of counsel claim is denied.

### III. CONCLUSION

For the foregoing reasons, the motion by Perez for reconsideration of the Court's prior denial of his section 2255 petition and for additional relief requested is DENIED; and it is

ORDERED, that Perez is directed to notify this Court in writing and within 45 days of the date of this Memorandum and Order, whether he wishes the Court to forward the aspect of his motion concerning the newly presented Diaz Affidavit for reconsideration to the Second Circuit. The Court cautions that failure to comply with this directive will result in dismissal of the request; and it is further

ORDERED, that pursuant to Fed. R.App. P. 22(b) and 28 U.S.C. § 2253(c)(2), a certificate of appealability is denied, as Perez has not made a substantial showing of a denial of a constitutional right. *Luci-*dore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir.2000); and it is further

ORDERED, that the Clerk of the Court is directed to close this case in 45 days from the date of this Memorandum and Order if the Petitioner fails to notify this Court in writing whether he wishes the Court to forward that aspect of his motion concerning the Diaz Affidavit for reconsideration to the Second Circuit.

SO ORDERED: