**Patrick MENDEZ, on behalf of himself and and all other employees similarly situated, et al., Plaintiffs,**

v.

**The RADEC CORPORATION, et al., Defendants.**

**No. 03–CV–6342L.**

United States District Court, W.D. New York.

Jan. 30, 2006.

---

Graig F. Zappia, J. Nelson Thomas, Dolin, Thomas & Solomon LLP, Rochester, NY, for Plaintiffs.

David W. Robinson, Harter, Secrest & Emery LLP, Rochester, NY, Robert C. Weissflach, Harter, Secrest & Emery LLP, Buffalo, NY, for Defendants.

## *DECISION AND ORDER*

LARIMER, District Judge.

Plaintiff, Patrick Mendez, commenced this action against his former employer, Radec Corporation ("Radec"), and two of its officers, alleging that Radec violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("Labor Law"), for failure to pay wages to which Mendez was legally entitled. On February 26, 2004, the Court issued a Decision and Order directing that potential class members be given notice of the existence of this action and of their rights to opt in to the action under the FLSA's "collective action" provision, 29 U.S.C. § 216(b). On November 22, 2005, the Court issued another Decision and Order granting in part and denying in part plaintiff's motion for summary judgment, granting plaintiff's motion for class certification of his Labor Law claims under Rule 23 of the Federal Rules of Civil Procedure, and denying defendants' motion to decertify plaintiff's collective action under the FLSA.

On December 7, 2005, defendants filed a motion pursuant to Rules 54(b) and 59(e), and 28 U.S.C. § 1292(b), for an order reconsidering, altering, or amending my November 22 Decision and Order, or alternatively, certifying this matter for interlocutory appeal. Specifically, defendants ask the Court to deny plaintiff's motion for summary judgment in its entirety, or to certify the November 22 for interlocutory appeal, to the extent that the order granted summary judgment in plaintiffs' favor on the issue of liability with respect to some of their claims.[1]

Defendants' motion is denied. First, this is not a proper case for entry of a final judgment under Rule 54(b), which provides that "[w]hen more than one claim for relief is presented in an action, ... the court may direct the entry of a final judgment as to one or more but fewer than all of the claims ...," thereby permitting an immediate appeal of the "certified" claims. The rule also provides, however, that before entering such a judgment, the Court must find that "there is no just reason for delay." In light of controlling precedent in

---

1. With respect to the portion of the November 22 order granting class certification of plaintiffs' Labor Law claims, defendants have filed a petition for leave to appeal pursuant to Rule 23(f) with the Court of Appeals for the Second Circuit. *See* Dkt. # 197–5.

the Second Circuit, I am unable to make such a finding.

■ The Second Circuit has directed that a district court's decision to enter partial judgment pursuant to the section should be "exercised sparingly." *Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 171 (2d Cir.2002); *Cullen v. Margiotta*, 811 F.2d 698, 710 (2d Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). In this regard, the Second Circuit has held that "[r]espect for the 'historic federal policy against piecemeal appeals' requires that a Rule 54(b) certification not be granted routinely" and that "[t]he power 'should be used only in the infrequent harsh case' ... where there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal' ...." *Citizens Accord, Inc. v. Town of Rochester*, 235 F.3d 126, 128–29 (2d Cir.2000) (internal citations omitted). The reason for this is to avoid redundant review of multiple appeals based on the same underlying facts and issues of law. Certification should therefore be granted "only if there are 'interest[s] of sound judicial administration' and efficiency to be served." *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 73 F.Supp.2d 345, 346 (S.D.N.Y.1999) (citing *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627 (2d Cir.1991)).

■ No such showing has been made here. While defendants go on at length about why they believe the Court should have denied plaintiffs' motion for partial summary judgment in its entirety, they have not shown that this is one of those "infrequent harsh case[s]" in which there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Courts often grant summary judgment for plaintiffs on the issue of liability as to some or all of their claims, and I do not see any unusual circumstances present here making an interlocutory appeal appropriate.

■ Rule 59 is also inapplicable. Rule 59(a) provides that "[o]n a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment." [2] A motion to alter or amend pursuant to Rule 59 may not be filed prior to the entry of final judgment, however, *see U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 182 F.R.D. 97, 100–01 (S.D.N.Y.1998), because a motion to reconsider should never act "as a substitute for appealing from a final judgment." *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 170 F.R.D. 111, 113 (S.D.N.Y.1997) (citation omitted).

■ Aside from that, relief under Rule 59 would not be warranted in any event. That rule "permits the court to revisit a prior decision when there has been an intervening change in the law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice." *Cray v. Nationwide Mutual Ins. Co.*, 192 F.Supp.2d 37, 39 (W.D.N.Y.2001). Such a motion can only be granted, then, if the movant presents newly discovered evidence that was not available at the time of the trial, or if there is evidence in the record that establishes a manifest error of law or fact. *See, e.g., Cavallo*, 3 F.Supp.2d at 225. The parties, may not, however, address facts, issues, or arguments not previously presented to the court, *Walsh v. McGee*, 918 F.Supp. 107, 110 (S.D.N.Y.1996), or "reargue those is-

---

**2.** Rule 59(e), cited by defendants, provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

sues already considered." *In re Houbigant, Inc.,* 914 F.Supp. 997, 1001 (S.D.N.Y. 1996).

"The difficult burden imposed on the moving party has been established 'in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.'" *Perez v. United States,* 378 F.Supp.2d 150, 154 (E.D.N.Y. 2005) (quoting *Ruiz v. Commissioner of Department of Transportation of City of New York,* 687 F.Supp. 888, 890 (S.D.N.Y. 1988), aff'd, 858 F.2d 898 (2d Cir.1988)). Thus, to grant such a motion the Court must find that it overlooked "'matters or controlling decisions' which, if considered by the Court, would have mandated a different result." *Perez,* 378 F.Supp.2d at 154 (quoting *Durant v. Traditional Investments, Ltd.,* No. 88 Civ. 9048, 1990 WL 269854, at *1 (S.D.N.Y. April 25, 1990)).

Again, defendants have not made such a showing. They have not pointed out any outright factual mistakes or clear errors of law in my prior decision. All that they argue, is, in effect, that the Court "got it wrong" the first time. If defendants are correct, then the Court of Appeals may ultimately agree with that assessment, but that is not a sufficient basis for this Court to grant a motion to alter or amend under Rule 59.

Likewise, certification of an interlocutory appeal under § 1292 is not warranted. That statute provides that a district judge may certify an order not otherwise appealable for interlocutory appeal. See 28 U.S.C. § 1292(b). The issue certified must involve a controlling question of law as to which there is a substantial ground for difference of opinion. Additionally, an immediate appeal from the order must materially advance the ultimate termination of the litigation. *Id.*

"Routine resort to 28 U.S.C. § 1292(b) is disfavored as interlocutory review is designed for 'exceptional cases.'" *John and Vincent Arduini Inc. v. NYNEX,* 129 F.Supp.2d 162, 175 (N.D.N.Y.2001) (quoting *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)). "Given the Congressional policy disfavoring piecemeal appeals, provisions such as § 1292 authorizing 'appeals from interlocutory orders [should] be strictly limited to the unusual situations wherein such appeals are expressly authorized.'" *In re Fugazy Exp., Inc.,* 982 F.2d 769, 777 (2d Cir.1992) (quoting *Sierra Club v. Marsh,* 907 F.2d 210, 214 (1st Cir.1990)) (additional internal quotes omitted). *See also German v. Federal Home Loan Mortg. Corp.,* 896 F.Supp. 1385, 1398 (S.D.N.Y.1995) (certification "is not intended as a vehicle to provide early review of difficult rulings in hard cases"). Again, defendants have not shown that this is an exceptional or unusual case in which interlocutory review is warranted.

## CONCLUSION

Defendants' motion for an order reconsidering, altering, or amending this Court's November 22 Decision and Order, or alternatively, certifying this matter for interlocutory appeal (Dkt.# 196) is denied.

IT IS SO ORDERED.